UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RICKY VAUGHAN and SHERLYN VAUGHAN, | ) ) ) |
| **Plaintiffs,** | ) ) ) |
| v. | ) Case No. 05-CV-0188-CVE-PJC ) |
| BNSF RAILWAY COMPANY, f/k/a THE BURLINGTON NORTHERN AND SANTA FE RAILWAY COMPANY, | ) ) ) ) ) |
| **Defendant.** | ) |

## OPINION AND ORDER

Now before the Court is plaintiffs' Motion for Remand and Brief in Support (Dkt. # 8). Plaintiffs originally brought this action in the District Court of Pawnee County, State of Oklahoma, claiming damages for sums in excess of $40,000 for damages to their livestock [and] exemplary damages in excess of $10,000 [1] together with interest, costs, attorney fees and such further relief that the Court deems just and proper. Defendant BNSF Railway Company ("BNSF") removed to federal court on the basis of diversity jurisdiction. Notice of Removal (Dkt. # 2). Defendants contend that diversity jurisdiction is properly invoked here because there is complete diversity of citizenship and the federal jurisdictional amount in controversy is met. 28 U.S.C. § 1332.

In their petition, plaintiffs assert claims for actual damages in the amount of $40,000. In addition, they seek punitive damages "in excess of $10,000.00." State Court Petition (attached to

---

[1] In Oklahoma, the general rules of pleading require that:

[e]very pleading demanding relief for damages in money in excess of Ten Thousand Dollars ($10,000) shall, without demanding any specific amount of money, set forth only that amount sought as damages is in excess of Ten Thousand Dollars ($10,000), except in actions sounding in contract.

Okla. Stat. tit. 12, § 2008(2).

Notice of Removal (Dkt. # 2) without exhibit number) at 2. Defendant asserts in the Notice of Removal that the amount in controversy exceeds $75,000 and supports this assertion with the argument that a claim for punitive damages automatically raises the amount in controversy to exceed $75,000. Plaintiffs move to remand on the ground that the amount in controversy has not been met because a prayer for punitive damages is insufficient to prove that the amount in controversy exceeds $75,000.

**I.**

A case must be remanded to state court if at any time before final judgment it appears the court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). Federal courts are courts of limited jurisdiction. With respect to diversity jurisdiction, "[d]efendant's right to remove and plaintiff's right to choose his forum are not on equal footing; for example, unlike the rules applied when plaintiff has filed suit in federal court with a claim that, on its face, satisfies the jurisdictional amount, removal statutes are construed narrowly; where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand." Martin v. Franklin Capital Corp., 251 F.3d 1284, 1289-90 (10th Cir. 2001)(quoting Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994)). The party seeking to invoke the jurisdiction of the federal courts has the burden of proving the existence of jurisdiction, and the burden of proof in removal cases is on the defendant. See McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 189 (1936); see also Wilson v. Republic Iron & Steel Co., 257 U.S. 92, 97 (1921).

In order for a federal court to have diversity jurisdiction, there must be complete diversity in the citizenship of the parties and the amount in controversy must exceed $75,000. 28 U.S.C. §

1332(a). The Tenth Circuit has clarified the analysis which a district court should undertake in determining whether an amount in controversy is greater than $75,000 as follows:

> The amount in controversy is ordinarily determined by the allegations of the complaint, or, where they are not dispositive, by the allegations in the notice of removal. The burden is on the party requesting removal to set forth, in the notice of removal itself, the "underlying facts supporting [the] assertion that the amount in controversy exceeds [$75,000]." Moreover, there is a presumption against removal jurisdiction.

Laughlin v. Kmart Corp., 50 F.3d 871, 873 (10th Cir. 1995) (citations omitted) (emphasis in original); see also, e.g., Herber v. Wal-Mart Stores, 886 F. Supp. 19, 20 (D. Wyo. 1995) (applying Laughlin and remanding case); Johnson v. Wal-Mart Stores, Inc., 953 F. Supp. 351 (N.D. Okla. 1995) (same). Further, "both the requisite amount in controversy and the existence of diversity must be affirmatively established on the face of either the petition or the removal notice." Laughlin, 50 F.3d at 873.

Where the face of the complaint does not affirmatively establish the requisite amount in controversy, the plain language of Laughlin requires removing defendants to set forth, in the removal documents, not only the defendant's good faith belief that the amount in controversy exceeds $75,000, but also facts underlying the defendant's assertion. In other words, removing defendants must set forth specific facts which form the basis of their belief that there is more than $75,000 at issue in the case. The removing defendants bear the burden of establishing federal court jurisdiction at the time of removal, and not by supplemental submission. Laughlin, 50 F.3d at 873; see Herber, 886 F. Supp. at 20 (holding that the jurisdictional allegation is determined as of the time of the filing of the notice of removal). The Tenth Circuit has clearly stated what is required to satisfy that burden. If the face of the petition does not affirmatively establish that the amount in controversy exceeds $75,000, then the rationale of Laughlin contemplates that the removing parties

will undertake to perform an economic analysis of the alleged damages supported by underlying facts. E.g., Johnson, 953 F. Supp. at 353.

In their petition, plaintiffs pray for "damages for sums in excess of $40,000 for damages to their livestock, exemplary damages in excess of $10,000 together with interest, costs, attorney fees and such further relief that the Court deems just and proper." State Court Petition (attached to Notice of Removal (Dkt. # 2) without exhibit number) at 2. Therefore, the amount in controversy is not met by the face of the petition. This places the burden upon the defendants, in the notice of removal, to set forth specific facts that demonstrate the requisite amount in controversy has been met for diversity jurisdiction.

Defendant argues in the Notice of Removal that the amount in controversy exceeds $75,000 in that a claim for punitive damages automatically raises the amount in controversy to exceed $75,000. The Oklahoma statute limiting punitive damages authorizes, at a minimum, an award of $100,000 or actual damages, whichever is greater, if the jury finds reckless conduct on the part of the defendant. See Okla. Stat. tit. 23, § 9.1(B). Higher awards are permitted for more egregious conduct. Id. at §9.1. If plaintiffs are successful in their claims for defendant's negligent failure to maintain a proper fence, they could obtain an award up to $100,000 or actual damages, whichever is greater. But this would require a jury to find that "defendant has been guilty of reckless disregard for the rights of others." Okla. Stat. tit. 23, § 9.1(B). Plaintiffs could obtain an award up to $500,000 or twice the amount of actual damages awarded if a jury finds that defendant "has acted intentionally and with malice toward others." §9.1(C). Finally, plaintiff could obtain an unlimited award if the jury finds that "defendant has acted intentionally and with malice toward others . . . and the court finds, on the record and out of the presence of the jury, that there is evidence beyond a

4

reasonable doubt that the defendant or insurer acted intentionally and with malice and engaged in conduct life-threatening to humans." Id. at §9.1(D).

While the statute provides a limit on the punitive damages plaintiff could recover, if plaintiff proves that defendant acted wantonly or willfully, neither the petition nor the notice of removal set forth any underlying facts as to the alleged wanton or willful conduct. Without those facts, defendant has not met its burden as defined in Laughlin.[2] Defendant's assertion that punitive damages raise the amount in controversy above the jurisdictional requirement is based on nothing more than plaintiff's allegation that the railway acted with wanton and willful negligence. Where "removal is based on speculation about what a jury might do, rather than on the facts as they existed at the time of removal," remand is warranted for lack of subject matter jurisdiction. Varela v. Wal-mart Stores, East, Inc., 86 F. Supp. 2d 1109, 1112 (D.N.M. 2000). If the Court held otherwise, a mere request for punitive damages in state court would automatically provide a basis for removal or plaintiffs would have to explicitly limit their request for punitive damages to an amount under the jurisdictional limit.

The Court concludes that removal is improper on the basis of diversity jurisdiction since it has not been established, either in plaintiffs' petition or in defendant's notice of removal, that the amount in controversy exceeds $75,000. Thus, the Court is without subject matter jurisdiction and lacks the power to hear this matter.

---

[2] The Court recognizes that this puts the defendant in the odd posture of having to state the facts that give rise to an allegation of bad faith, when defendant denies there are any. However, the Court's ruling does not preclude a timely removal by defendant "within thirty days after receipt by the defendant . . . of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, . . ." 28 U.S.C. § 1446(b).

**IT IS THEREFORE ORDERED** that the Motion for Remand (Dkt. # 8) is hereby **granted**. The Court Clerk is directed to **remand this case to the District Court in and for Pawnee County, State of Oklahoma**.

**DATED** this 20th day of June, 2005.

_____
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT